OTIS (SCOTT v.). See Case No. 12,543.

OTIS v. The WHITAKER. See Cases Nos. 17,524 and 17,525.

OTOE COUNTY (CHICAGO, B. & Q. R. CO. v.). See Case No. 2,667.

OTT (BANK OF COLUMBIA v.). See Cases Nos. 878 and 879.

OTT (LITLE v.). See Case No. 8,389.

---

## Case No. 10,615.

### OTT v. MURRAY.

[3 Cranch, C. C. 323.] [1]

Circuit Court, District of Columbia. May, 1828.

#### JUDGMENTS—HOW KEPT ALIVE.

A judgment may be kept alive by taking out a fieri facias within the year and day, to lie in the office, and so from year to year; and a fieri facias taken out within the last year and day, and put into the marshal's hands, may be executed, and if returned nulla bona, a new execution may at any time thereafter be taken out without scire facias.

[This was an action by Ott's administrator against Thomas Murray.]

Motion by Mr. Morfit to quash the execution in this case, because not issued within the year and day after judgment. The judgment was rendered January 9, 1824; a fieri facias to lie in the office was issued, returnable to April term, 1824, and so on, from year to year, until September, 1826, when a fieri facias was issued, and returned nulla bona at December term, 1826. The present execu-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

tion (a fieri facias) was issued, returnable to this May term, 1828.

To show that a fieri facias, not returned, cannot be continued on the roll, Mr. Morfit cited Blayer v. Baldwin, 2 Wils. 82; Lesher v. Gehr, 1 Dall. [1 U. S.] 330; B: and v. Mears, 3 Term R. 388, and 2 Tidd, Prac. 1004.

Mr. Wallach, for plaintiff, relied upon the practice in the courts in Maryland, to take out an execution within the year and day, to lie in the clerk's office, and to be renewed from year to year, to keep the judgment alive.

CRANCH, Chief Judge, delivered the opinion of the court (THRUSTON, Circuit Judge, absent). THE COURT is of opinion that an execution, taken out and ordered to lie in the office, is sufficient to keep alive the judgment for one year; and if, within the year and day thereafter, another execution be taken out in like manner, to lie in the office, it will keep alive the judgment for another year; and so from year to year, and a fieri facias taken out within the last year and day, and put into the marshal's hands, may be executed; and if returned nulla bona, a new execution may, at any time thereafter, be taken out without scire facias, according to the opinion of this court in the case of Johnson v. Glover at May term, 1826 [Case No. 7,385].

The cases cited from 1 Dall. [1 U. S.] 330 [Lesher v. Gehr], and 3 Term R. 388, are cases of testatum fi. fa. and are not applicable to the present case. The case in 2 Wils. 82, supports the present opinion; for in that case the first execution was never put into the hands of the sheriff and no other execution was taken out for more than a year and a day after issuing the first execution, and it was irregular to enter the continuance by vicecomes non misit breve, as the first execution was not returned nor filed.